F I L E D
 Clerk
District Court

SEP 27 2021

for the Northern Mariana Islands
By_____
             (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **PEACE AND ORDER TRADING CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**FAIRYLAND INVESTMENT, LLC,**<br><br>Defendant. | Case No. 1:20-CV-00034<br><br>**MEMORANDUM DECISION DENYING WITHOUT PREJUDICE PLAINTIFF'S FIRST MOTION FOR APPOINTMENT OF RECEIVER** |

Before the Court is Plaintiff Peace and Order Trading Corporation's ("Peace and Order") motion for appointment of a receiver. (ECF No. 27.) The matter came on for a hearing on August 19, 2021. (Min., ECF No. 30.) Counsel Colin M. Thompson, Esq., appeared on behalf of Plaintiff Peace and Order, and Defendant Fairyland Investment, LLC ("Fairyland") failed to appear. The Court noted Peace and Order's failure to serve Defendant Fairyland with its motion, and on this basis, denied Peace and Order's motion without prejudice for the reasons stated below.

### I. BACKGROUND

On April 12, 2021, the Court held a bench trial on Plaintiff Peace and Order's application for a mechanic's lien and motion for a default judgment. (Min., ECF No. 23). After hearing the evidence, the Court took the application under advisement, but granted Peace and Order's motion for a default judgment for its breach of contract and/or unjust enrichment claims in the amount of **$767,697.50**[1] for

---

[1] This amount is derived from $1,492,000 (based on 99% completion) minus $724,302.50 total that Fairyland paid in separate payments from March 27, 2018 to March 10, 2020. (*See* Ex. 4, Project Account Statement).

work it performed for Defendant Fairyland. (*Id*.) Specifically, Peace and Order performed renovation and additional construction on an apartment building in Navy Hill, Saipan, specifically on Lot 019 D 61 and Lot 19 D 83[2], and renovated the parking lot and fixed the fire alarm system in the apartment building pursuant to three separate contracts. (Compl. ¶¶ 12-17, ECF No. 1). The Clerk then entered a civil judgment in the principal amount of $767,697.50, plus attorney's fees and costs, plus the applicable federal interest rate for post-judgment interest on April 13, 2021. (Civil Judgment, ECF No. 25).

On July 14, 2021, Peace and Order filed a motion to appoint a receiver pursuant to Federal Rules of Civil Procedure 64 and 69, and 7 CMC § 4104, specifically requesting that the Court: "(1) appoint[] a receiver to administer, collect, or sell Lot 019 D 61 and Lot 019 D 83 which Defendant-Judgment Debtor Fairyland Investment, LLC has an interest and to do any other acts required to satisfy the judgment herein; (2) . . . direct[] Fairyland to turn over to the Receiver title to its assets in an amount sufficient to satisfy the judgment, plus post-judgment interest; and (3) award[] Peace & Order its attorney's fees and costs in accordance with the terms of the agreements between the parties." (Mot., ECF No. 27; Mem. at 1, ECF No. 28.) While it cited to Federal Rules of Civil Procedure 64 and 69(a)(1), and *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 845 (9th Cir. 2009) for why a receivership is warranted in this matter, Peace and Order's request appears to rely on state law for the appointment a receiver – namely, 7 CMC § 4104.

---

[2] Specifically, those properties are: (1) Lot 019 D 61, located on Navy Hill, Saipan, CNMI containing an area of 785 square meters, more or less, as is more particularly described on Drawing/Cadastral Plat Number 019 D 01, the original of which was recorded on August 11, 1983, as Document Number 17756 at the Land Registry on Saipan; and (2) Lot 019 D 83, located on Navy Hill, Saipan, CNMI (formerly part of Lot 019 D 62) containing an area of 80 square meters, more or less, as is more particularly described on Drawing/Cadastral Plat Number 019 D 05, the original of which was recorded on April 20, 2002, as Document Number 02-909 at the Commonwealth Recorder's Office on Saipan. (Ground Lease, Ex. 8.)

## II. DISCUSSION

Federal Rule of Civil Procedure 64 provides that: "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Federal Rule of Civil Procedure 69(a)(1) provides that:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Relying on these Rules, Peace and Order turned to state law, 7 CMC § 4104,[3] which provides for an appointment of a receiver.

However, in *Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 843 (9th Cir. 2009), the Ninth Circuit joined with the Eleventh and Eighth Circuits and held that "federal law governs the issue of whether to appoint a receiver in a diversity action." *See Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp.*, 153 F.3d 1289, 1291–92 (11th Cir. 1998) (noting that Federal Rule of Civil Procedure 66 "assert[ed] the primacy of federal law in the practice of federal receiverships" and that "appointment of a receiver in equity is not a substantive right; rather, it is an ancillary remedy which does not affect the ultimate outcome of the action."). Thus, "regardless of whether state law provides a vehicle by which to appoint a receiver, the federal courts are free to provide that remedy solely by virtue of their equitable powers." *LaPeter,* 563 F.3d at 843.

---

[3] Specifically, 7 CMC § 4104 provides that:

> Enforcement of a judgment may also be affected, if the court deems justice requires and so orders by appointment of a receiver, or receivers, by taking possession of property and disposing of it in accordance with the orders of the court, or by a civil action on the judgment, or in any other manner known to American common law or common in courts in the United States.

Federal Rule of Civil Procedure 66 specifically governs an action in which an appointment of receiver is sought. The rule provides that "the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule." *Id*.

In line with the federal rules, this Court has a Local Rule pertaining to receiverships—Local Rule 63.1. This rule requires the service of a motion to appoint a receiver to be served on all parties and compels the defendant to list the defendant's creditors and their addresses within seven (7) days after being served. *See* L.R. 63.1(a)(2). If the defendant provides the plaintiff with a list of creditors, then the plaintiff must mail to the creditors listed a notice of hearing not less than five (5) days before the hearing and file proof of mailing. *Id.* The local rule also provides that compensation be fixed by the judge, requires reports within 28 days, and requires deposits of funds to be received in a depository designated by the judge. *See* L.R. 63.1. Additionally, the rule provides the Court discretion on whether to impose a bond. *Id*.

Here, Peace and Order moved for an appointment of a receiver, but never served Defendant Fairyland with its motion as required by L.R. 63.1. Accordingly, Peace and Order's motion is DENIED without prejudice so that it could refile a new motion that properly follows the procedures of this Court's local rule. A hearing for this matter is set for September 29, 2021 at 3:30 p.m.

SO ORDERED this 27th day of September, 2021.

_____
RAMONA V. MANGLONA
Chief Judge